BENAVIDES, Circuit Judge,
dissenting.
I respectfully dissent. The majority runs afoul of our long-established rule that proximity to the border is a “paramount factor” in finding reasonable suspicion. Here, in light of the whole picture of evidence presented, the stop occurred too far from the border to support reasonable suspicion. Most of the Government’s evidence was not unique to Gonzalez-Garcia and could as easily have applied to innumerable other drivers. And the evidence that was truly particularized — like the fact that Gonzalez-Garcia failed to make eye contact with the border-patrol agent — does not pass Fourth Amendment muster.
I turn briefly to first principles. “[0]ffi-cers on roving patrol may stop vehicles only if they are aware of specific articula-ble facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country.”[1] This Court “commonly refer[s] to eight factors when deciding whether an agent had reasonable suspicion to stop a vehicle.”[2] These are: “(1) proximity of the area to the border; (2) known characteristics of the area; (3) usual traffic patterns on that road; (4) agent’s previous experience in detecting illegal activity; (5) information about recent illegal trafficking in aliens or narcotics in the area; (6) particular aspects or characteristics of the vehicle; (7) behavior of the driver; and (8) the number, appearance, and behavior of the passengers.”[3] In other words, these factors safeguard the bedrock principle that “[rjeasonable suspicion requires more than a mere unparticularized hunch.”[4]
It has long been our rule that the first Brignoni-Ponce factor, proximity to the border, is a “paramount factor in determining reasonable suspicion.”[5] If an offi *829 cer’s proffered suspicion does not rest on proximity to the border, “the facts offered by the government to support a reasonable suspicion will be examined charily,”[6] or “most carefully.”[7] This Court “does not adhere to a bright line test with regard to this factor.”[8] But our benchmark rule has been that we will not find proximity to the border where a stop occurs more than 50 miles from the border.[9]
Here, this “paramount factor” weighs decisively against finding reasonable suspicion. The stop occurred well beyond our 50-mile benchmark. At the time of the stop, Gonzalez-Garcia was traveling northbound on Highway 281, “at least” 25 miles north of a United States Border Patrol checkpoint in Falfurrias, Texas. (Falfurri-as is about 75 miles north of the United States-Mexico border.) In other words, the stop occurred some 100 miles north of the border, at least twice as far as our long-established benchmark. This was not a close case.
Given that the stop occurred so far beyond the 50-mile benchmark, the whole picture that emerges in this case does not yield reasonable suspicion. Most of the Government’s evidence could have applied to any number of drivers on Highway 281 at the time of the stop: Gonzalez-Gareia’s truck was not a ranch truck; he was driving on a common smuggling route (which is also a major U.S. highway); the time of day was one favored by smugglers. The Government also noted that Gonzalez-Garcia was not driving directly toward the town where his car was registered. However, it failed to present any evidence that Gonzalez-Garcia was actually en route to his home at the time of the stop.
The Government leans heavily on the fact that Gonzalez-Garcia failed to make eye contact with the border-patrol agent. This fact, standing alone, is not enough to support reasonable suspicion. Our rule has been that a simple lack of eye contact, without more, should be accorded “little weight,”[10] or “no weight.”[11] Indeed, in one of our cases, United States v. Orozco, we found reasonable suspicion where a driver failed to make eye contact with an agent. But there, the Government presented evidence that the agent was conspicuously trying to garner the driver’s attention: the agent rolled down his window and honked his horn at the driver. Thus, in Orozco, there was a reasonable inference that the driver was being deliberately evasive. There is no such evidence here. The agent testified that he drove alongside Gonzalez-Garcia for 60 to 120 seconds, but he did nothing further to try to catch his attention. And as even the district court recognized, failure to look at the next driver over could as easily have indicated that Gonzalez-Garcia was “bored” or “not being a careful driver” than that he was engaged in criminal activity.
*830 In sum, the evidence presented in this case falls far short of creating a reasonable, particularized suspicion that Gonzalez-Garcia was engaged in criminal activity at the time of the stop. Rather, in my view, the officer here acted on the kind of unparticularized “hunch” that we have long held insufficient to support a stop for Fourth Amendment purposes. This panel should reverse the district court’s ruling on the motion to suppress and render an acquittal.

. United. States v. Brignoni-Ponce, 422 U.S. 873, 884, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

. United States v. Orozco, 191 F.3d 578, 581 (5th Cir.1999)

. Id. at 581 (citing United States v. Samaguey, 180 F.3d 195, 198 (5th Cir.1999)).

. United States v. Hernandez, 477 F.3d 210, 213 (5th Cir.2007) (citing United States v. Gonzalez, 190 F.3d 668, 671 (5th Cir.1999)).

. United States v. Zapata-Ibarra, 212 F.3d 877, 881 (5th Cir.2000) (quoting Orozco, 191 F.3d at 581) (internal quotation marks omitted); see also United States v. Nichols, 142 F.3d 857, 867 (5th Cir.1998) (referring to *829 proximity to the border as a "vital element” that "contributes significantly to the reasonableness of the Border Patrol agents’ suspicions”).

. United States v. Inocencio, 40 F.3d 716, 722-23 (5th Cir.1994) (citing United States v. Salazar-Martinez, 710 F.2d 1087, 1088 (5th Cir.1983), and United States v. Henke, 775 F.2d 641, 645 (5th Cir.1985)).

. United States v. Rodriguez-Rivas, 151 F.3d 377, 380 (5th Cir.1998) (holding that, when proximity to the border is lacking, the Court should look at the other factors "most carefully”)-

. United States v. Jacquinot, 258 F.3d 423, 428 (5th Cir.2001).

. Id. (citing Zapata-Ibarra, 212 F.3d at 881).

. United States v. Moreno-Chaparro, 180 F.3d 629, 632 (5th Cir.1998).

. United States v. Chavez-Villarreal, 3 F.3d 124, 127 (5th Cir.1993).